Craig D. Cox Harvey County Counselor Courthouse P.O. Box 687 Newton, Kansas 67114-0687
Dear Mr. Cox:
As county counselor for Harvey county you inquire whether the emergency telephone services statutes (K.S.A. 12-5301 et seq.) have any application to a cellular telephone company that has requested permission from the county to route its 911 calls through the Harvey county emergency telephone system which was established pursuant to K.S.A. 12-5301 etseq.
It is our opinion that the statutes have no application and, therefore, the county is free to utilize its home rule powers to address this matter if it so chooses. K.S.A. 1992 Supp. 19-101a provides that the board of county commissioners may transact all county business and enact legislation subject only to certain enumerated exceptions, one of which is that the county is subject to "all acts of the legislature which apply uniformly to all counties." Our research has found no acts of the legislature which address this situation. K.S.A. 12-5301 et seq. was enacted in 1980 to authorize local units of government to purchase equipment for a 911 system by adding a tax which appears on the telephone bill of each resident. Minutes, Senate Transportation and Utilities Committee, February 15, 1980. The statutes were amended in 1990 because rural communities with small populations were having difficulty affording the equipment necessary to establish and maintain a 911 system. Minutes, House Local Government, February 7, 1990, attachment 12. The statute now provides for a maximum 75¢ per month tax that appears on the telephone bill of each resident. K.S.A. 12-5302. The proceeds of the tax fund the operation of the 911 system. K.S.A. 12-5302. The telephone company collects the tax and pays it to the county after retaining an administrative fee. K.S.A. 12-5303.
We can find no evidence of a legislative intent to include cellular telephone considerations in a statutory scheme which provides only for the establishment of a 911 system and a method of paying for it. This tax is imposed upon "exchange access lines or their equivalent." An access line is the line provided by the telephone company which runs into each residence or business which has telephones. This method of taxation would be difficult to utilize with cellular telephone users because there are no "lines" or an equivalent. Cellular telephones operate off of radio transmissions which are directed to the nearest tower which receives the signal. The tower would then direct the call to the 911 dispatch center. A cellular telephone user might be a Harvey county resident but he or she could be a resident from out of county or out of state who needs 911 assistance while traveling through Harvey county.
In addition, the purpose of the tax is to pay for 911 equipment and it is unknown whether the county would have to incur additional equipment expense to accommodate the cellular telephone company. If there are no additional equipment expenses, it could be argued that a cellular telephone company might not have to pay any expenses to the county under these statutes. In short, these statutes are inapplicable to cellular telephone technology and may need to be amended to take these factors into account in order to avoid the patchwork of county resolutions which may address this situation.
Blevins v. Hiebert, 247 Kan. 1 (1990), acknowledges that home rule is available to all cities and counties in all areas of local government where not prohibited by article 12, section 5 of the Kansas constitution or by K.S.A. 1992 Supp. 19-101a. Blevins, 247 Kan. at 5. In Blevins, the court concluded that "constitutional and statutory home rule provisions must be given a liberal construction in order to provide counties and cities the largest measure of self-government and that where the legislature is silent, a municipality is free to carve out its own local solutions to problems." Blevins, 247 Kan. at 12, 13. Since there is no legislation which addresses this situation, it is our opinion that the county is free to exercise its home rule powers to address it.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm